UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GABRIEL MONTALVO,

                Plaintiff,

                                                                               **14 CV 3230**

      -against-

                                                                               **COMPLAINT**

**THE CITY OF NEW YORK, POLICE OFFICER
PATRICK BURNETT (Shield 30205), and POLICE
OFFICER and SUPERVISORY POLICE OFFICERS
JOHN DOES 1-4**,                               **JURY TRIAL DEMANDED**

                Defendants.
------------------------------------------------------------------------X

        Plaintiff **GABRIEL MONTALVO**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

        1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, by employees of the New York City Police Department (NYPD).

### *JURISDICTION AND VENUE*

        2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

        3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

        4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

        5.     This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

        6.     On November 25, 2013, within ninety days after the claims alleged in this complaint

arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e. The Claim was assigned Claim No. 2013PI030298.

7. On February 4, 2013, plaintiff testified at a hearing conducted pursuant to General Municipal Law § 50-H.

8. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

9. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

10. Plaintiff demands trial by jury in this action.

## *PARTIES*

11. Plaintiff **GABRIEL MONTALVO**, age 19, is a Hispanic male who is a citizen of the United States and a resident of the State of New York. He lives with his mother and sister in Brooklyn, New York.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

13. At all times relevant herein, defendants Patrick Burnett (Shield 30205) was a police officer employed by the NYPD, assigned to the 79th Police Precinct, 263 Tomkins Avenue, Brooklyn, NY.

14. At all times relevant herein, defendants John Does 1-4 were police officers and

supervisory police officers employed by the NYPD and assigned to the 79th Precinct. Plaintiff does not know the correct names and shield numbers of John Does 1-4 at this time.

15. At all times relevant herein, the individual defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

16. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

17. On Friday, September 20, 2013, at approximately 1:30 A.M., in the vicinity of Classon and Flushing Avenues and the Brooklyn-Queens Expressway, plaintiff was walking with four male friends.

18. Plaintiff, who lives nearby, was merely walking some of his friends to the subway.

19. Plaintiff and the individuals with him were not engaged in any illegal activity.

20. Two police cars pulled up and officers demanded that plaintiff and the other individuals place their hands against a wall.

21. Plaintiff and the other individuals were frisked and searched.

22. No contraband of any kind was uncovered in the stop, frisk and search.

23. The police let two of the men go.

24. The police arrested plaintiff and two other men, Omar Jimenez and Joshua Perez, and took them in handcuffs to the 79th Precinct at 263 Tomkins Avenue.

25. Plaintiff was not told why he and his friends were being arrested.

26. Plaintiff remained in custody at the 79th Precinct until approximately 7 A.M. that morning, at which time he was taken in handcuffs to Brooklyn Central Booking.

27. Plaintiff remained imprisoned at Brooklyn Central Booking until approximately 10:00

P.M. on Saturday, September 21, 2013.

28. Plaintiff was then released without having to see a judge.

29. Plaintiff had been in imprisoned for approximately 42-45 hours.

30. The NYPD property receipt for plaintiff and Omar Jimenez does not reflect possession of any contraband.

31. Defendant Patrick Burnett crossed out his name on the property receipt in an effort to hide his identity.

32. The arrest number for plaintiff K13684735.

33. Omar Jimenez (arrest number K13684730) was also released without any charges. Joshua Perez may have been held on a warrant.

34. Prosecution against plaintiff was declined by the District Attorney's office of Kings County on September 21, 2013.

35. The Declined Prosecution Report, dated September 21, 2013 and executed by ADA Miranda Grant, obtained by plaintiff pursuant to a FOIL request, identifies the arresting officer as defendant Patrick Burnett, Shield 30205, of the 79th precinct.

36. According to ADA Grant's Declined Prosecution Report, PO Burnett claimed that plaintiff had been observed breaking into a car causing damage to the car, a violation of PL Sec. 145.00 (1), Criminal Mischief in the Fourth Degree, a Class A misdemeanor.

37. According to ADA Grant's Declined Prosecution Report, PO Burnett also claimed that plaintiff had been observed entering a car without permission to do, in violation of PL Sec. 165.05 (1), also a Class A misdemeanor.

38. The Declined Prosecution Report states that PO Burnett left a note on a vehicle and at

the residence of the individual to whom the vehicle was registered.

39. PL 145.00 (1), Criminal Mischief in the Fourth Degree, requires that the damaged property belong to someone other than the defendant, but does not require proof of the identity of actual owner of the property or the testimony of the actual owner of the property.

40. ADA Miranda determined that there was "Insufficient Evidence to Prosecute."

41. Plaintiff did not break into or enter any car or caused damage to any car.

42. There were no abandoned cars in the immediate vicinity of plaintiff's arrest.

43. There were no parked cars in the immediate vicinity of plaintiff's arrest.

44. The "details" section of the copy of the Declined Prosecution Report obtained by plaintiff from the Kings County District Attorney's Office pursuant to his FOIL request has been redacted by that Office.

45. It is apparent from the unredacted passages of the Declined Prosecution Report that whatever PO Burnett or any the John Doe defendants claimed to have seen, it did not rise to the level of probable cause to arrest plaintiff.

## FIRST CLAIM FOR RELIEF

46. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-45.

47. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## SECOND CLAIM FOR RELIEF

48. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-45 and 47.

49. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

50. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

51. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-45, 47, and 49-50 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

52. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-45, 47, and 49-51.

53. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, and employee negligence.

54. The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

## FOURTH CLAIM FOR RELIEF

55. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-45, 47, 49-51, and 53-54.

56. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 23, 2014

/s/ Joel Berger
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**